**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JAMES LEON, | : | |
| | : | |
| Plaintiff, | : | Civil No. 05-4296 (RBK) |
| | : | |
| v. | : | |
| | : | |
| DAVID SCHAAFF, et al. | : | **O P I N I O N** |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES**:

      JAMES LEON, #0654-041, Plaintiff <u>Pro Se</u>
      FCI FORT DIX
      P.O. Box 7000
      Fort Dix, New Jersey 08640

**KUGLER, DISTRICT JUDGE**

      Plaintiff James Leon ("Leon"), confined at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), seeks to bring this action <u>in forma pauperis</u>.  Based upon his affidavit of indigence and prison account statement, the Court will (1) grant <u>in forma pauperis</u> status; (2) direct the Clerk of the Court to file the Complaint without pre-payment of

the filing fee; (3) assess the $250.00 filing fee against Clark;
and (4) direct the Federal Bureau of Prisons ("BOP") to deduct an
initial partial filing fee payment of $15.01 from Plaintiff's
prison account and forward same to the Clerk of the Court, when
funds exist in Plaintiff's account; and (5) direct the BOP to
forward payments from his prison account to the Clerk of the
Court each month that the amount in the account exceeds $10.00,
until the $250.00 filing fee is paid in full, regardless of the
outcome of the litigation.  See 28 U.S.C. § 1915(a)(b).

Pursuant to 28 U.S.C. §§ 1915(e)(2) the Court has reviewed
the Complaint to identify cognizable claims.  The Court will
dismiss Plaintiff's due process disciplinary claim pursuant to 28
U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A (b)(1) for failure to state
a claim upon which relief may be granted, and permit the
remainder of the Complaint to proceed as against all Defendants.

## I. BACKGROUND

Plaintiff brings this action pursuant to Bivens v. Six
Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388
(1971),[1] [2] seeking damages and injunctive relief for alleged

---

[1] Bivens allows a plaintiff to sue a federal defendant who
acted under federal law to deprive plaintiff of a constitutional
right.  Bivens actions are analogous to suits under 42 U.S.C. §
1983 against state officials who violate federal constitutional
or statutory rights.  The two bodies of law are not "precisely
parallel;" however, there is a "general trend" to incorporate §
1983 law into Bivens suits.  Egervary v. Rooney, 80 F.Supp.2d 491

2

violations of his constitutional rights.  Defendants are David
Schaaff, an FCI Fort Dix Unit Manager; Derek Hamel, Sonia Diaz-
N'Diaye, and James Williams, Counselors; Carol Morton, Trust
Funds Supervisor; Bobbi Brown, Case Manager; S. Miller, Senior
office Specialist; and Warden John Nash.  (Compl., Caption;
Docket)

Plaintiff asserts that at a meeting in his housing unit on
September 30, 2004, conducted by Defendants Morton, Schaaff,
Williams, and Hamel, he posed a question about a lack of
microwave ovens in the unit, and after Defendant Morton was
interrupted from answering his question, repeated the question
after the interruption, telling Defendant Morton that she had not
answered his question. (Compl., ¶¶ 1-4.)  Defendant Schaff then
allegedly ordered Defendant Hamel to "lock him up." (Id.)
Plaintiff was placed in what he terms "the hole" later that day.

---

(E.D.Pa. 2000) (citing Chin v. Bowen, 833 F.2d 21, 24 (2d Cir.
1987)).

[2]  42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of
> any State or Territory ... subjects, or
> causes to be subjected, any citizen of the
> United States or other person within the
> jurisdiction thereof to the deprivation of
> any rights, privileges, or immunities secured
> by the Constitution and laws, shall be liable
> to the party injured in an action at law,
> suit in equity, or other proper proceeding
> for redress.

(Id., ¶ 8.)  The next day, Plaintiff was served with an incident report accusing him of disruptive behavior.  (Id., ¶ 9.)  A detention order was prepared that same day, noting that Plaintiff was being detained pending a hearing for violation of regulations.  (Id., ¶ 10.)  According to Plaintiff, the incident report was a "total fabrication" of what happened.  (Id., ¶ 12.)

On October 4, 2004, Plaintiff was taken before the unit Disciplinary Committee, which he asserts was comprised of Defendants Brown and Diaz-N'Diaye.  (Id., ¶ 14.)  Defendant Diaz-N'Diaye allegedly told Plaintiff: "That's my boss.  He wr[o]te you up. We have to work for him.  I don't care if you're guilty or not." (Id.)  Both these Defendants allegedly said: "Mr. Schaaff is our boss; you're guilty."  (Id.)  Plaintiff allegedly was not permitted to present a defense, and received a sanction of 120 days loss of commissary and telephone privileges.  (Id., ¶ 16.)  Plaintiff appears to assert that Defendants Morton, Williams, and Hamel all submitted false reports on the incident that he never was provided with, and told him they all had to "stick together."  (Id., ¶ 20.)  Plaintiff allegedly was told by Defendant Schaaff that he was sanctioned because he had made the Defendants look bad before the inmates and that he filed too many administrative grievances.  (Id., ¶¶ 28-29.)  According to Plaintiff, after he was released from the hole on October 4, 2004, he was "placed on commissary restriction;" thus, he was not

4

able to purchase batteries to allow him to watch television.
(<u>Id</u>., ¶¶ 28-32.)  Plaintiff asserts that this restriction of his
recreational activities was not part of the sanctions previously
imposed.  (<u>Id</u>.)  Plaintiff allegedly spoke with Defendant Nash
about his problem in securing batteries to aid him in watching
television, but Nash purportedly failed to address his problem.
(<u>Id</u>., ¶ 40.)

## II. DISCUSSION

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§
801-810, 110 Stat. 1321-66, 1321-77 (1996), requires the Court,
prior to docketing or as soon as practicable after docketing, to
review a complaint in a civil action to identify cognizable
claims and to dismiss any claim that is frivolous, malicious,
fails to state a claim upon which relief may be granted, or seeks
monetary relief from a Defendant who is immune from such relief.
<u>See</u> 28 U.S.C. § 1915(e)(2)(B).

A.  Standard for Dismissal

Rule 8(a)(2) requires a complaint to include "a short and
plain statement of the claim showing that the pleader is entitled
to relief."  Fed. R. Civ. P. 8(a)(2); <u>accord</u> <u>Leatherman v.</u>
<u>Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507
U.S. 163, 168 (1993).  The Court "must determine whether, under
any reasonable reading of the pleadings, the plaintiff[] may be
entitled to relief, and ... must accept as true the factual

5

allegations in the complaint and all reasonable inferences that can be drawn therefrom." <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996) (citing <u>Holder v. Allentown</u>, 987 F.2d 188, 194 (3d Cir. 1993)).

A <u>pro</u> <u>se</u> complaint is held to less stringent standards than formal pleadings drafted by lawyers.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). "Under our liberal pleading rules, during the initial stage of litigation, a district court should construe all allegations in a complaint in favor of the complainant" and give "credit to the allegations of the complaint as they appear[] in the complaint." <u>Gibbs v. Roman</u>, 116 F.3d 83, 86 (3d Cir. 1997); <u>see also</u> <u>Kulwicki v. Dawson</u>, 969 F.2d 1454, 1462 (3d Cir. 1992).  But a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding whether dismissal is appropriate.  <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997); <u>see also</u> <u>Fernandez-Montes v. Allied Pilots Ass'n</u>, 987 F.2d 278, 284 (5th Cir.1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.").  "When it appears beyond doubt that no relief could be granted under any set of facts which could be proved consistent with the allegations of the complaint, a dismissal pursuant to Rule 12(b)(6) is proper."  <u>Robinson v.</u>

Fauver, 932 F. Supp. 639, 642 (D.N.J. 1996) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Claims brought under Bivens are typically analyzed under the same methodology as claims brought under 42 U.S.C. § 1983, as a Bivens action is the nonstatutory counterpart of a suit brought pursuant to § 1983, and is aimed at federal rather than state officials.  Island Online, Inc. v. Network Solutions, Inc., 119 F. Supp.2d 289, 304 (E.D.N.Y. 2000).  In order to state a Bivens claim, a plaintiff must show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) that a defendant or defendants acted under color of federal law in depriving him of that right.  See Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991); Sixth Camden Corp. v. Evesham Tp., 420 F.Supp. 709, 718 (D.N.J. 1976).  Plaintiff also must assert and prove some causal connection between a Defendant and the alleged wrongdoing in order to recover against that Defendant.[3]  See, e.g., Mt. Healthy City Sch. Dist. Bd. of Educ.

----

[3]  Although the Third Circuit has not ruled on the availability of vicarious liability in Bivens actions, see Young v. Quinlan, 960 F.2d 351 (3d Cir. 1992) (declining to reach the issue), the circuits that have addressed the issue are unanimous in holding that Bivens does not authorize suits predicated on a respondeat superior theory.  See, e.g., Simpkins v. District of Columbia Government, 108 F.3d 366 (D.C.Cir. 1997); Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35 (8th Cir. 1995); Abella v. Rubino, 63 F.3d 1063 (11th Cir. 1995); Del Raine v. Williford, 32 F.3d 1024 (7th Cir. 1994); Abate v. Southern Pacific Transp. Co., 993 F.2d 107 (5th Cir. 1993); Terrell v. Brewer, 935 F.2d 1015 (9th Cir. 1991); Ellis v. Blum, 643 F.2d 68 (2d Cir. 1981).  Cf. Rode v. Dellarciprete, 845 F.2d 1195, 1207

v. Doyle, 429 U.S. 274, 287 (1977); Lee-Patterson v. New Jersey
Transit Bus Operations, Inc., 957 F. Supp. 1391, 1401-02 (D.N.J.
1997).  "A defendant in a civil rights action must have personal
involvement in the alleged wrongs; liability cannot be predicated
solely on the operation of respondeat superior."  Rode v.
Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing Parratt
v. Taylor, 451 U.S. 527, 537 n.3 (1981)).  Causal connection is
shown where a Defendant (1) participated in violating Plaintiff's
rights; (2) directed others to violate them; (3) as the person in
charge, had knowledge of and acquiesced in his subordinates'
violations; or (4) tolerated past or ongoing misbehavior. The
Court will now analyze Plaintiff's claims to determine whether
dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A is
warranted.

(B)  Retaliation

    It has long been established that the First Amendment bars
retaliation for protected speech.  See Crawford-El v. Britton,
523 U.S. 574, 592 (1998); Milhouse v. Carlson, 652 F.2d 371, 373-
74 (3d Cir. 1981).  "Retaliation for the exercise of
constitutionally protected rights is itself a violation of rights
secured by the Constitution actionable under section 1983."
White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990).  Proof of

---

(3d Cir. 1988) ("A defendant in a civil rights action must have
personal involvement in the alleged wrongs; liability cannot be
predicated solely on the operation of respondeat superior.").

a retaliation claim requires that Plaintiff demonstrate (1) he engaged in protected activity; (2) he was subjected to adverse actions by a state actor; and (3) the protected activity was a substantial motivating factor in the state actor's decision to take adverse action.  Anderson v. Davila, 125 F.3d 148, 160 (3d Cir. 1997) (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977)).

Applying this standard to the case at bar and construing the complaint liberally, Plaintiff has stated a claim of retaliation for his exercise of a First Amendment right.  Although the filing of false disciplinary charge does not itself deprive an inmate of a constitutional right, see White, 19 F.Supp. 2d at 319, an inmate filing a grievance with prison officials engages in activity protected by the First Amendment.  See Quinn v. Cunningham, 879 F. Supp. 25, 27-28(E. D. Pa. 1995), aff'd, 85 F.3d 612 (3d Cir. 1996).  In light of Plaintiff's assertions, it may be inferred that he was the object of retaliation because of his filing of grievances and speaking out at the meeting.

C.  Due Process

Plaintiff contends that he received an initial disciplinary sanction of 120 days' loss of commissary and telephone privileges, but also suffered a loss of recreational privileges because he was unable to buy batteries to power a radio/T.V., and such a loss had not been ordered as a sanction.  Prison

9

disciplinary proceedings are not part of a criminal prosecution
and the full panoply of rights due a defendant in such
proceedings does not apply.  Wolff v. McDonnell, 418 U.S. 539,
556 (1974). A prison disciplinary hearing satisfies the Due
Process Clause if the inmate is provided with:  (1) advance
written notice of the disciplinary charges; (2) an opportunity to
call witnesses and present documentary evidence in his defense;
and (3) a written statement by the fact finder of the evidence
relied on and the reason for the disciplinary action.  Wolff, 418
U.S. at 563-69; Griffin v. Spratt, 969 F.2d 16, 19-20 (3d Cir.
1992); see also Superintendent v. Hill, 472 U.S. 445, 454 (1985).
However, these procedural due process protections must be
afforded only when a prisoner's liberty interest is affected.
See Wolff, supra.

     Plaintiff clearly lacks the requisite liberty interest.
The Due Process Clause itself confers no liberty interest in
freedom from state action taken "within the sentence imposed."
Sandin, 515 U.S. at 480 (quoting Hewitt v. Helms, 459 U.S. 460,
468 (1983)).  In addition, "Due process protection for a state
created liberty interest is . . . limited to those situations
where deprivation of that interest 'imposes atypical and
significant hardship on the inmate in relation to the ordinary
incidents of prison life." Griffin v. Vaughn, 112 F.3d 703, 706
(3d Cir. 1997) (quoting Sandin, 515 U.S. at 484).  See also

<u>Farmer v. Hambrick</u>, 155 F.3d 558 (4th Cir. 1998) (applying <u>Sandin</u> in a <u>Bivens</u> action); <u>Davage v. U.S.</u>, 1997 WL 180336 (E.D.Pa. Apr 16, 1997); <u>aff'd</u>, 35 Fed. Appx. 356 (3rd Cir. 2002)

Plaintiff allegedly lost commissary and telephone privileges for 120 days, and was in "the hole" for approximately two weeks. <u>Sandin</u> and <u>Griffin</u> demonstrate that disciplinary confinement, under these circumstances, does not impose atypical and significant hardship upon the Plaintiff. In <u>Sandin</u>, the Supreme Court held that disciplinary confinement for 30 days "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." <u>Sandin</u>, 515 U.S. at 475, 486. In <u>Griffin</u>, the Third Circuit held that a state prisoner's confinement in administrative segregation for 15 months did not impose an atypical and significant hardship on the prisoner. <u>Griffin</u>, 112 F.3d at 706-09. <u>See also</u> <u>Troy v. Kuhlmann</u>, 1999 WL 825622, at *12 (S.D.N.Y. Oct. 15, 1999) ("denial of privileges such as telephone, package, and commissary privileges do not represent the type of deprivation which could reasonably be viewed as imposing an atypical and significant hardship on the inmate"); <u>Austin v. Lehman</u>, 893 F.Supp. 448, 453 (E.D.Pa. 1995) (loss of the prison's bi-weekly cigarette allotment while in disciplinary custody implicates no protected liberty interest); <u>Sack v. Canino</u>, 1995 WL 498709, *1 (E.D.Pa. August 21, 1995) (assuming that the plaintiff was not afforded

11

the protections called for by <u>Wolff</u>, because the sanction of 30 days disciplinary confinement did not implicate a liberty interest, such infraction did not violate the plaintiff's due process rights).  As Plaintiff has not articulated a protected liberty interest with respect to his disciplinary hearing, confinement, and loss of privileges his due process claims will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(I) and 1915A(b)(1).

<u>(D)  Conspiracy</u>

The Court will also permit the conspiracy claim to proceed at this time against these Defendants.  In the conspiracy context, the requirement of personal participation in the alleged wrongdoing means that there must be evidence of  (1) an actual violation of a right protected under § 1983 or <u>Bivens</u> and (2) actions taken in concert by defendants with the specific intent to violate that  right.  <u>Williams v. Fedor</u>, 69 F.Supp.2d 649, *664-66 (M.D.Pa.), <u>aff'd</u>, 211 F.3d 1263 (3rd Cir. 2000) (citing <u>Kerr v. Lyford</u>, 171 F.3d 330, 340 (5th Cir.1999)).  <u>See also</u> <u>Kelley v. Myler</u>, 149 F.3d 641, 648-49 (7th Cir.1998); (an agreement or an understanding to deprive the plaintiff of constitutional rights must exist); <u>Strength v. Hubert</u>, 854 F.2d 421, 425 (11th Cir.1988) (plaintiff must show that the defendants " 'reached an understanding to violate [his] rights' "); <u>Parkway</u>

12

<u>Garage, Inc. v. City of Phila</u>., 5 F.3d 685, 700 (3d Cir.1993) (plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law). Plaintiff has stated sufficient facts and will have the opportunity to further develop facts relating to this claim as the Complaint proceeds.

### III. CONCLUSION

In light of the foregoing discussion, the Court will grant <u>in forma pauperis</u> status, dismiss Plaintiff's due process/disciplinary claim as against all Defendants, and permit the remainder of the Complaint to proceed at this time.

An appropriate Order accompanies this Opinion.

S/Robert B. Kugler

_____

**ROBERT B. KUGLER**
**UNITED STATES DISTRICT JUDGE**

**DATED:** September 23, 2005

13