NOT FOR PUBLICATION                           (Docket Nos. 17, 19, 26)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____  :
                                     :
JAMES LEON,                          :
                                     :
            Plaintiff,               :   Civil No. 05-4296 (RBK)
      v.                             :   **OPINION**
                                     :
DAVID SCHAFF, et al.,                :
                                     :
            Defendants.              :
_____  :

**KUGLER**, United States District Judge:

This matter comes before the Court on three motions, one by Defendants David Schaff, Derek Hamel, James Williams, Carol Morton, Bobbi Brown, Sonia Diaz-N'Diaye, S. Miller, and Warden Nash (collectively, "Defendants") to dismiss Plaintiff's complaint for failure to serve, or in the alternative, to temporarily stay discovery.  Plaintiff James Leon ("Plaintiff") moves to compel discovery and in separate motion, moves to effectuate service.  For the reasons set forth below, the Court denies Defendants' motion to dismiss; the Court grants Defendants' motion to stay discovery; the Court denies Plaintiff's motion to compel discovery; and the Court grants Plaintiff's motion to compel service.

**I.    Background**

Plaintiff, an inmate confined at Federal Correctional

Institute ("FCI") Fort Dix, New Jersey, alleges that on September 30, 2004, Defendants Morton, Schaff, Williams, and Hamel conducted a Town Hall Meeting in his housing unit at the prison. Plaintiff alleges that during a period designated for an open question period, Plaintiff asked Defendants why the prison did not provide microwaves in the unit.  Plaintiff further alleges that Defendant Morton began to answer Plaintiff's question, when another prisoner interrupted Defendant Morton.  Plaintiff alleges that Defendant Schaff spoke to the prisoner who interrupted Defendant Morton, and then Plaintiff said to Defendant Morton, "Ms. Morton, you did not answer my question."  At this time, Plaintiff alleges that Defendant Schaff ordered Plaintiff "locked up" in "the hole."

The next day, while still in "the hole," Plaintiff received an incident report that stated Plaintiff engaged in "conduct which disrupts or interferes with the security or orderly running of the institution," and that Defendants would detain Plaintiff pending a hearing for violations of prison regulations. Plaintiff alleges that the incident report was a "total fabrication" of what actually happened at the town hall meeting.

Plaintiff alleges that he appeared before the Unit Disciplinary Committee, which found him guilty of engaging in conduct that disrupts or interferes with the security or orderly running of the institution, resulting in 120 days without

commissary and phone privileges. Plaintiff alleges that the outcome of this hearing was predetermined, and that Defendants did not permit Plaintiff to present a defense.

Defendants confined Plaintiff to "the hole" until October 12, 2004, at which time Plaintiff filed an appeal of his sentence and sanctions, claiming they were retaliation for Plaintiff's question during the town hall meeting, as well as Plaintiff's allegation that Defendants used profits from the inmate commissary to compensate guards, and because of Plaintiff's history of filing administrative grievances. Defendant Nash denied Plaintiff's appeal on November 1, 2004.  On November 10, 2004, Plaintiff filed a regional appeal, which was denied on December 16, 2004. Plaintiff filed his final appeal on January 6, 2005, which was denied on April 20, 2005.

Plaintiff filed this complaint in the United States District Court for the District of New Jersey on September 1, 2005, seeking injunctive relief and damages pursuant to Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1] Plaintiff's complaint alleges violation of due process in his disciplinary process, as well as First Amendment retaliation and conspiracy among Defendants to deprive Plaintiff

---

[1] A Bivens action allows a plaintiff to sue a federal defendant who, acting under federal law, deprived plaintiff of a constitutional right.  Bivens actions are analogous to actions against individuals acting under the color of state law under 42 U.S.C. § 1983.

of his civil rights. On September 23, 2005, this Court granted Plaintiff permission to proceed in forma pauperis ("IFP"), and dismissed Plaintiff's due process claims for failure to state a claim upon which relief could be granted.  This Court also ordered the Clerk to serve a copy of the complaint and a summons upon the United States Attorney for the District of New Jersey, as well as the Warden of FCI Fort Dix. In addition, this Court ordered the United States Marshal to serve a copy of the Complaint and summons on Defendants, pursuant to 28 U.S.C. § 1915(d).

Plaintiff moved to compel discovery on June 5, 2006.  On June 8, 2006, Defendants cross-moved to dismiss the complaint for failure to serve the Attorney General of the United States, or in the alternative, to temporarily stay discovery. On August 15, 2006, Plaintiff moved to effectuate service.

**II.  Defendants' Motion to Dismiss for Failure to Serve Process**

Defendants move to dismiss Plaintiff's complaint because Plaintiff failed to serve, or failed to direct the United States Marshal to serve, the Attorney General of the United States, pursuant to Federal Rule of Civil Procedure 4(i)(1)(B).[2]

---

[2] Federal Rule of Civil Procedure 4(i)(1)(B) provides that service upon the United States shall be effected, in part, "by . . . sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia . . . ."  Fed. R. Civ. P. 4(i)(1)(B).

Specifically, Defendants allege that although Plaintiff proceeds IFP, which permits Plaintiff to request the United States Marshal to effect service, Plaintiff knew that the Federal Rules require service on the Attorney General of the United States , yet failed to adequately inform the United States Marshal of the extent of the service required.  Therefore, Defendants move to dismiss this action.

> Federal Rule of Civil Procedure 4(c)(2) provides
>
> Service may be effected by any person who is not a party and who is at least 18 years of age. At the request of the plaintiff, however, the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose. Such an appointment must be made when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 . . . .

Fed. R. Civ. P. 4(c)(2).  If proper service is not made within 120 days of filing the complaint, the action is subject to dismissal, without prejudice, or the court may "direct that service be effected within a specified time . . . ." Fed. R. Civ. P. 4(m).

In <u>Welch v. Folsom</u>, 925 F.2d 666 (3d Cir. 1991), the Third Circuit vacated a district court's entry of dismissal of a complaint by an IFP plaintiff. Specifically, the Third Circuit stated that the district court failed to comply with 28 U.S.C. § 1915(c), "which unequivocally states: '[t]he officers of the court shall issue and serve all process, and perform all duties

in [IFP] cases.'" Id. at 670. The court cited, among others, a Second Circuit case, Romandette v. Weetabix Co., Inc., 807 F.2d 309, 311 (2d Cir. 1986), which stated, "[T]he interests of justice, informed by a liberal interpretation of Rule 4, are best served by allowing this litigant to rely on the personal service, albeit untimely, ultimately effected by the Marshal's Service." Welch, 925 F.2d at 670.

Alternatively, there is case law that supports dismissal of a case where a plaintiff, aware of the service requirements, fails to fully inform the U.S. Marshal of the full extent of those requirements. For example, in Fohne v. James, 176 F. App'x 674 (7th Cir. 2006), the Seventh Circuit affirmed the dismissal of a complaint asserted by an IFP plaintiff where the plaintiff failed to serve the Attorney General of the United States. Before dismissing the complaint, however, the district court held a hearing where the court ascertained that the plaintiff failed to request the United States Marshal to serve the Attorney General of the United States. Id. at 675. At this hearing, the court notified plaintiff of this requirement, and gave the plaintiff an extension of time to properly effect service. Id. After this extension expired, the court granted a second extension of time. Id. Only after the hearing and two extensions of time did the district court dismiss the complaint for failure to effect service. Id.

6

Given the binding precedent established by the Third Circuit, and the Third Circuit's endorsement of a liberal interpretation of Rule 4, this Court will provide Plaintiff an extension of time to properly effect service on the Attorney General of the United States.  Although Defendants claim that they notified Plaintiff of the need to effect service on the Attorney General of the United States, Plaintiff's actions in this case do not rise to the level of fault or dilatoriness required for dismissal.  To the contrary, the docket demonstrates that Plaintiff responded to this motion to dismiss by asking this Court to compel service on the Attorney General of the United States.  In short, it appears that Plaintiff tried, and continues to try, to comply with the Rules to the best of his ability.

Therefore, the Court denies Defendants' motion to dismiss for Plaintiff's failure to effect service on the Attorney General of the United States.  In addition, the Court orders the Clerk to issue summons, and the United States Marshal to serve the summons and copy of the Complaint on the Attorney General of the United States.

### III. Defendants' Motion to Stay Discovery

Defendants also move to stay discovery in the event this Court denies Plaintiff's motion to dismiss.  Defendants argue that in their answer to Plaintiff's complaint, electronically filed on June 7, 2006, Defendants assert a defense of qualified

immunity.  Defendants argue that where defendants assert qualified immunity in response to a <u>Bivens</u> claim, a court should resolve the immunity question prior to discovery.

Defendants cite <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985), to support their argument.  In <u>Mitchell</u>, the United States Supreme Court stated that qualified immunity is a defense from suit, and not simply a defense from liability.  <u>Id.</u> The Court stated that a defendant who is truly immune from suit should not "face the burdens of litigation." <u>Id.</u> Therefore, "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." <u>Id.</u>; <u>see also</u> <u>Thomas v. Independence Tp.</u>, 463 F.3d 285, 291 (3d Cir. 2006) (stating that qualified immunity is a threshold question, and until it is resolved, discovery should not be allowed).

After reviewing Defendants' answer, it is clear that Defendants assert a defense of qualified immunity, the merits of which should be decided before discovery commences.  Therefore, the Court grants Defendants' motion to stay discovery.

**IV. Conclusion**

The Court denies Defendants' motion to dismiss the complaint.  The Court grants Defendants' motion to stay discovery and accordingly denies Plaintiff's motion to compel discovery.

Moreover, the Court grants Plaintiff's motion to compel service on the Attorney General of the United States.

Dated: 3/1/2007                         s/Robert B. Kugler
                                        ROBERT B. KUGLER
                                        United States District Judge