NOT FOR PUBLICATION                                              (Docket Nos. 34, 39, 42)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
JAMES LEON,                         :
                                    :
            Plaintiff,              :     Civil No. 05-4296 (RBK)
      v.                            :     **OPINION**
                                    :
DAVID SCHAFF, et al.,               :
                                    :
            Defendants.             :
_____ :

**KUGLER**, United States District Judge:

      This matter comes before the Court on Plaintiff James Leon's ("Plaintiff") motion for an injunction. Also before the Court is the motion of Defendants David Schaff, Derek Hamel, James Williams, Carol Morton, Bobbi Brown, Sonia Diaz-N'Diaye, S. Miller, John Nash, Allia Lewis, and Charles E. Samuels Jr. (collectively, "Defendants") to dismiss the claims for compensatory damages, and the motions of Defendants Nash, Lewis, and Samuels to dismiss the claims against them. Defendants enter a limited appearance and reserve the defenses of failure to serve and failure to exhaust administrative remedies. The Court also considers Plaintiff's submission styled "Motion to Keep Injunction and Proceed Against Wardens Nash and Samuels and Ms. Lewis." Because he cannot meet the standard for preliminary injunctive relief, Plaintiff's motion is denied. Defendants' motions to dismiss the claims against Nash and Samuels are granted because there are no allegations of their direct participation in the conduct at

issue; the motion to dismiss the claims against Defendant Lewis is denied.  Defendants' motion to dismiss the claims for compensatory damages is granted.

## I. BACKGROUND

The Court has set forth the background of this case previously, at 2007 WL 703536 (D.N.J. Mar. 1, 2007).  At the heart of Plaintiff's complaint is an incident that occurred while he was incarcerated at the Federal Correction Institution in Fort Dix.  Plaintiff alleges that on September 30, 2004, Defendants Morton, Schaff, Williams, and Hamel conducted a Town Hall Meeting in his housing unit at the prison.  During an open question period, Plaintiff asked Defendant Morton a question.  Plaintiff further alleges that Defendant Morton began to answer Plaintiff's question when another prisoner interrupted Defendant Morton.  Plaintiff alleges that Defendant Schaff spoke to the prisoner who interrupted Defendant Morton, and then Plaintiff said to Defendant Morton, "Ms. Morton, you did not answer my question."  At this time, Plaintiff alleges that Defendant Schaff ordered Plaintiff "locked up" in "the hole," which is the prison's Segregated Housing Unit.  Plaintiff alleges that as a result of this event, Defendants fabricated an incident report, conducted a hearing of which the outcome was predetermined, and found Plaintiff guilty of engaging in conduct that disrupts or interferes with the security or orderly running of the institution, resulting in 120 days without commissary and phone privileges.

Defendants confined Plaintiff to "the hole" until October 12, 2004, at which time Plaintiff filed an appeal of his sentence and sanctions, claiming they were in retaliation for Plaintiff's question during the meeting, as well as Plaintiff's allegation that Defendants used profits from the inmate commissary to compensate guards, and because of Plaintiff's history of filing administrative grievances.  Defendant Nash denied Plaintiff's appeal on November 1, 2004.  On November 10, 2004, Plaintiff filed a regional appeal, which was denied on December 16, 2004.

Plaintiff filed his final appeal on January 6, 2005, which was denied on April 20, 2005.

Plaintiff filed a complaint in the United States District Court for the District of New Jersey on September 1, 2005, seeking injunctive relief and damages pursuant to Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1]  He amended the complaint with leave of court to add additional defendants on February 22, 2007.  The Court dismissed Plaintiff's due process claims, and his surviving claims allege First Amendment retaliation and conspiracy among Defendants to deprive Plaintiff of his civil rights.

The motions currently before the Court arise from Plaintiff's placement in "the hole" on October 27, 2006.  Plaintiff alleges that he was placed in "the hole" for possibly being involved in an assault but argues that no incident report was filed and that other inmates confined in segregation for similar reasons were returned to the general prison population.  Plaintiff alleges that he was kept in "the hole" as a result of this lawsuit; he states that prison official William Odom told Plaintiff to drop his lawsuits or else Plaintiff would be kept in "the hole" for four more months.  Subsequently, Plaintiff was transferred from Fort Dix to the Federal Correction Institution in Allenwood, a transfer he alleges was retaliatory.  Plaintiff filed a Motion for an Injunction on March 29, 2007, asking the Court to order his release from segregation and to stop his transfer to another facility.

**II.    DISCUSSION**

    **A.    Preliminary Matters**

Defendants raise two preliminary matters in their motion.  First, Defendants imply that Plaintiff's case should be dismissed for failure to pay filing fees.  The Court notes that it has

---

[1]    A Bivens action allows a plaintiff to sue a federal defendant who, acting under federal law, deprived plaintiff of a constitutional right.  Bivens actions are analogous to actions against individuals acting under the color of state law under 42 U.S.C. § 1983.

permitted Plaintiff to proceed in forma pauperis and has ordered the Federal Bureau of Prisons to deduct the appropriate funds from the Plaintiff's account as they become available. Payments are being made, as a review of the docket reflects deductions made from Plaintiff's account on July 20, 2007 and August 13, 2007. Defendants' claims on this issue are without merit.

Second, Defendants argues that Plaintiff's claim is more properly brought as a request for habeas relief than Bivens suit because he is challenging the execution of his sentence. This argument fails, as Plaintiff is instead challenging conditions of confinement allegedly imposed on him in violation of his First Amendment rights–initially for filing grievances and speaking out at a meeting and in the instant motion for maintaining this lawsuit. The Third Circuit has held that "when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 [or here, Bivens] is appropriate." Leamer v. Fauver, 288 F.3d 532, 542 (3rd Cir. 2002). Rather than raising a claim at "the margins of habeas," Nelson v. Campbell, 541 U.S. 637 (2004), Plaintiff's claim does not challenge the fact or length of his sentence, and so can be raised outside the habeas context.

      B.      **Injunction Regarding Segregation and Transfer**

Plaintiff claims that his stay in the Segregated Housing Unit and his transfer from Fort Dix to Allenwood were in retaliation for this lawsuit. Plaintiff seeks injunctive relief from this Court to return him to the general prison population at Fort Dix.

The Court treats Plaintiff's motion as a request for a preliminary injunction and consequently will grant the injunctive relief only if Plaintiff can show: he is likely to succeed on the merits, denial will result in irreparable harm to him, a grant will not result in irreparable harm to Defendant, and a grant of injunctive relief is in the public interest. See Young v. Medden, No. 06-4117 2007 WL 1667385 (3rd Cir. June 11, 2007) (affirming district court where district court

had construed inmate's motion for temporary restraining order as motion for preliminary injunction). See also Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3rd Cir. 1992) (setting forth the standard for a preliminary injunction).

The Court must also consider the Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626, which modifies the standards for granting injunctive relief to current inmates. "Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief..." 18 U.S.C. § 3626(a)(2). Additionally, "a request for injunctive relief in the prison context must be viewed with great caution because of the intractable problems of prison administration." Thorn v. Smith, 207 F. App'x. 240, 241 (3rd Cir. 2006).

In order to be eligible for injunctive relief, Plaintiff must show a likelihood of success on the merits of his retaliation claim. Proof of a retaliation claim requires that Plaintiff demonstrate he engaged in protected activity, he was subjected to adverse actions by a state actor, and the protected activity was a substantial motivating factor in the state actor's decision to take the adverse action. Rauser v. Horn, 241 F.3d 330, 333 (3rd Cir. 2001) (adopting this framework in the prison context). Plaintiff cannot meet this standard.  While Plaintiff has alleged that he was placed in segregation and subsequently transferred as a result of filing this lawsuit, he has provided no evidence on this point. Plaintiff attached an "Informal Resolution Form (BP-8)" to his reply, in which he was told by prison staff, "At the conclusion of an SIS investigation, it was determined that you would be separated from another inmate in BOP custody to ensure your mutual safety. Additionally, a determination was made to transfer you to another institution for

adjustment purposes.  Presently, you are waiting redesignation." Additionally, William Odom, a captain at Fort Dix, submitted an affidavit indicating Plaintiff was placed in Administrative Detention during an investigation into an alleged assault and subsequently transferred.  Captain Odom states in his affidavit, "At no time did I tell inmate Leon to drop his lawsuits or he would be in the 'hole' four more months."  Plaintiff has provided no evidence that retaliation, rather than the explanation provided by prison officials, was a substantial motivating factor in the actions taken, and so he has not shown the likelihood of success on the merits required for an injunction at this stage.  See Young, 2007 WL 1667385, * 1 (upholding district court's denial of preliminary injunction where inmate was not able to provide evidence outside allegations to show  reasonable probability of success on the merits).

Similarly, Plaintiff cannot show that he is irreparably harmed by his current conditions of confinement.  Plaintiff was confined in Administrative Detention for approximately six months and then transferred from a low-security facility to a medium-security facility.  However, the Court does not find that this creates the irreparable harm necessary to warrant an injunction.  See Griffen v. Vaughn, 112 F.3d 703, 706 (3rd Cir. 1997) (fifteen-month long stint in administrative detention does not constitute atypical or significant hardship).  Finally, the Court concludes that the factors of harm to the Defendant and the public interest weigh against the grant of the injunction, especially given the direction of the PLRA to "give substantial weight to any adverse impact on...the operation of a criminal justice system caused by the preliminary relief..."  18 U.S.C. § 3626(a)(2).  Plaintiff's request for injunctive relief will be denied.

       C.       **Defendants' Motion to Dismiss Claims Against Samuel, Nash, and Lewis**

Defendants Warden Samuel, Warden Nash, and Unit Manager Lewis move to have the claims against them dismissed as a matter of law because Plaintiff has not stated a claim on

which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Defendants argue that any claims against them are only in the nature of respondeat superior and do not contain the allegations of direct action required to maintain a <u>Bivens</u> action.  For the purposes of this motion, the Court must accept Plaintiff's allegations, along with all reasonable inferences that may be drawn from them, as true.  <u>Doe v. Delie</u>, 257 F.3d 309, 313 (3d Cir. 2001).

A <u>Bivens</u> claim must assert some direct action and personal involvement on the part of the federal actor; mere supervision of the individual allegedly committing the Constitutional violation is not sufficient.  See, e.g., <u>Balter v. United States</u>, 172 F. App'x. 401, 403 (3rd Cir. Feb. 15, 2006); <u>Richards v. Pennsylvania</u>, 196 F. App'x. 82 (3rd Cir. 2006); <u>Parker v. United States</u>, 197 F. App'x. 171 (3rd Cir. 2006).  See also <u>Ruiz Rivera v. Riley</u>, 209 F.3d 24 (1st Cir. 2000).

Plaintiff, in his initial and his amended complaint, has not provided allegations of any direct involvement by defendants Nash or Samuels in the incidents underlying his complaint.  His allegations against these defendants are all based on their supervisory role.  Plaintiff alleges that defendant Nash "openly allows and promotes the conduct" complained of; he alleges that "Warden Samuels [is] allowing defendants Williams and Hamel to do anything they want without proper supervision and participated with the retaliation because of the administrative remedies and law suit filed by plaintiff."  Such allegations, without any indication of personal knowledge on the part of the defendants and acquiescence to the actions taken, are not enough.  See <u>Arnold v. New Jersey</u>, No. 03-3997, 2007 WL 1381757 (D.N.J. May 9, 2007) (claim for supervisory liability under <u>Bivens</u> requires more than bare allegations and usupported conclusions that a supervisor "allowed" a constitutional violation).

However, Plaintiff has alleged personal involvement on the part of Defendant Lewis.

Supervisory liability under <u>Bivens</u> may exist where 1. the subordinate is liable, and 2. the supervisor's action or inaction is linked to the constitutional violation caused by the subordinate. <u>Ruiz Rivera</u>, 209 F.3d at 28-29. In his amended complaint, Plaintiff alleged that he "spoke[ ] with Allia Lewis...about the retaliation by defendants Williams and Hamel...Lewis ignored plaintiff's explanation, telling him to 'deal with it' and she will support her staff actions." Plaintiff also states that when he discussed the allegedly retaliatory actions with Defendant Lewis and other Defendants, "she brushed him off" and he was told to "drop the law suit." Aware of the duty to hold pro se pleadings to "less stringent standards than formal pleadings drafted by lawyers," the Court finds that Plaintiff has alleged Defendant Lewis's personal knowledge and acquiescence in the conduct sufficient to state a claim on which relief may be granted. <u>See Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).

**D.  Defendants' Motion to Dismiss Claim for Compensatory Damages**

Finally, Defendants move to dismiss Plaintiff's claims for compensatory damages, arguing that Plaintiff does not allege any physical injury and such claims are therefore barred by the operation of 42 U.S.C. § 1997e(e).  Compensatory damages, such as damages for mental or emotional injuries, may only be awarded in prison litigation where there are allegations of physical injury.  <u>Mitchell v. Horn</u>, 318 F.3d 523, 533-35 (3rd Cir. 2003).  Claims for nominal and punitive damages for violations of Constitutional rights may be awarded in the absence of such allegations.  <u>Allah v. Al-Hafeez</u>, 226 F.3d 247, 250-52 (3rd Cir. 2000).  Plaintiff has not alleged that he was physically injured by any of Defendants' actions, and so his request for compensatory damages will be dismissed.

**III.  CONCLUSION**

For the reasons given above, Plaintiff's Motion for an Injunction is denied.  Defendants'

motion to dismiss the claims for compensatory damages is granted.  The motions of Defendants Nash and Samuels to dismiss the claims against them are granted, and the motion to dismiss the claims against Defendant Lewis is denied.


Dated:     10/15/2007                             /s/ Robert B. Kugler
                                                      ROBERT B. KUGLER
                                                     United States District Judge